UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

VINROY REID, VR KING
CONSTRUCTION, LLC, VR
INVESTMENTS and BARANKO
ENTERPRISES, INC.

                     Plaintiffs,                            **<u>NOTICE OF REMOVAL</u>**
                                                   (from Mecklenburg County 21 CVS 15187)

      v.

JOHN C. WOODMAN and R. KEITH
JOHNSON,

                       Defendants.

Pursuant to the provisions of 28 U.S.C. §§ 1334 and 1452 and Federal Rule of Bankruptcy

Procedure 9027, John C. Woodman and R. Keith Johnson, Defendants in the case captioned

*Vinroy Reid, VR King Construction, LLC, VR Investments and Baranko Enterprises, Inc. v. John*

*C. Woodman and R. Keith Johnson*, North Carolina General Court of Justice, Superior Court

Division, Mecklenburg County, Case No. 21 CVS 15187 (the "***Removed Case***"), hereby remove

the Removed Case to the United States Bankruptcy Court for the Western District of North

Carolina. In support of this Notice of Removal, Woodman and Johnson show the Court as

follows:

### SUMMARY OF THE MATTER BEFORE THE COURT

**I.**      **Plaintiff Vinroy Reid's Individual Bankruptcy Filing**

On September 21, 2018, Defendant Johnson filed an individual Chapter 13 petition on

behalf of Plaintiff Vinroy Reid ("***Reid***") before this Court, Case No. 18-31436 (the "***Individual***

***Case***"). Johnson filed a motion to withdraw on February 6, 2019 after an appearance was entered

by "independent counsel" on behalf of Reid.  *See* Individual Case, DE 93.  Johnson's motion to

withdraw was granted by order dated April 12, 2019.  DE 126.

While Johnson's motion to withdraw was pending, the Bankruptcy Administrator filed a

motion to convert the Individual Case to Chapter 7, citing Reid's failure to disclose assets,

commingling of personal and corporate assets, and lack of good faith among other reasons.  DE

116.[1]  The Bankruptcy Administrator's motion, as well as numerous objections to Reid's Chapter

13 plan, were resolved by Consent Order dated August 19, 2019, under which Reid agreed to

convert the Individual Case to Chapter 7.  DE 170.  Under that same Consent Order, A. Burton

Shuford was appointed trustee, and he has continued to administer Reid's individual estate in that

capacity.[2]

## II.      Corporate Plaintiffs' Consolidated Bankruptcy Cases

On October 31, 2018, Defendant Woodman filed Chapter 11 petitions on behalf of the

corporate Plaintiffs (collectively the "***Corporate Cases***"):

A.  VR King Construction, LLC, Case No. 18-31635 (the "***Lead Case***");

B.  VR Investments, LLC, Case No. 18-31637; and

C.  Baranko Enterprises, Inc., Case No. 18-31638.

Defendant Woodman promptly moved to consolidate the Corporate Cases under the Lead

Case, which was granted on December 13, 2018.  *See* Lead Case, DE 12, 21.  In February 2019

Reid, on behalf of the corporate debtors, communicated his intent to terminate Woodman's

---

[1] The bases for converting the Individual Case to Chapter 7 were substantially identical to those identified by the Court in the Corporate Cases,  described further below.

[2] As this Court is well aware, the Individual Case has been marked by numerous withdrawals and substitutions of counsel on behalf of Reid, the imposition of sanctions against Reid, and other developments that will be more fully described in Defendants' responses to the Complaint.

representation in the Lead Case, and to substitute Robert Lewis of the Lewis Law Firm, P.A. DE 34. This motion was granted by order dated March 7, 2019. DE 55.

Like the Individual Case, while Woodman's motion to withdraw was pending, the Bankruptcy Administrator filed a motion to convert the Lead Case to Chapter 7 based primarily upon the corporate debtors' failure to observe corporate formalities, including numerous unauthorized and undisclosed transactions for the personal benefit of Reid. DE 59. The Bankruptcy Administrator's motion echoed similar concerns previously raised by creditor Y2 Yoga Cotswold, LLC in its own motion to convert. DE 38.

Following an evidentiary hearing, the Court granted both motions to convert and appointed A. Burton Shuford as Chapter 7 Trustee of the Lead Case by order dated April 11, 2019. DE 115. In so doing, the Court made detailed findings of fact that bear directly upon the claims at issue in the Removed Case, including the following:

A. "Although he has been in a Chapter 13 proceeding for more than six months, Reid testified that he did not maintain a personal bank account until recently. Virtually all of Reid's personal expenses appear to have been paid through the Debtor's bank accounts with no regard to corporate formalities, resulting in a loss to or diminution of the estates." *Id.*, ¶5.

B. "Reid acknowledged withdrawing and pocketing some of the cash from the Debtor's bank accounts, as well as giving cash to employees, some of whom are family members and others for whom there is no documentation of the work that has been done to earn such payments." *Id.*, ¶9.

C. "Reid testified that John Woodman, Esq. ("Woodman"), counsel for the Debtors, and R. Keith Johnson, Esq. ("Johnson"), counsel for Reid, were responsible for

inaccuracies in the schedules, statements, and reports that have been filed with the Court. Reid testified that for the most part he had not seen or he had not actually signed many of the documents that had been filed with the Court." *Id.*, ¶19.

D.  "The Court received extensive testimony from Woodman and Johnson, and the Court reviewed multiple exhibits concerning their preparation of the documents and Reid's review of those documents before those documents were filed with the Court." *Id.*, ¶20.

E.  "**The Court finds that Reid's testimony concerning the alleged responsibility of Johnson and Woodman for the inaccuracy of the schedules, statements, reports, and amendments thereto is neither accurate nor credible. Such testimony was merely an effort to shift the blame to third parties**." *Id.*, ¶23 (emphasis added).

F.  "Reid, through the Debtor, has spent significant funds of the Debtor to pay Reid's personal expenses, and Reid has disposed of estate property as he sees fit and without prior order of this Court, contrary to Paragraph F of the Operating Orders. Payment of Reid's personal expenses are of no benefit to the Debtor's estate or creditors". *Id.*, ¶29.

The corporate debtors did not appeal the Court's April 11, 2019 order, but instead filed a motion for reconsideration, making the extraordinary accusation that Woodman and Johnson "may have committed a fraud upon the [C]ourt", and made "misleading statements to the Court." DE 190, ¶¶ 47, 49.  The motion to reconsider also specifically alleged that Woodman's statements in the motion for consolidation regarding the corporate debtors' failure to distinguish their assets and respect corporate formalities "should not have been included in the motion to consolidate because it was grounds in and of itself for the Debtors' cases to be converted or dismissed." *Id.*, ¶¶ 38-39.

The motion to reconsider was opposed by the Trustee, Bankruptcy Administrator, and creditor Y2 Yoga Cotswold, LLC.  DE 132, 143, 146.  Following an additional hearing at which

the corporate debtors presented no admissible evidence, the Court denied the motion to reconsider

in its entirety by order dated September 6, 2019.  DE 190.  The Court specifically found "no factual

or legal support" for the corporate debtors' allegations concerning Woodman and Johnson

summarized above.  *Id.*, ¶10, 11.

The corporate debtors appealed this Court's denial of the motion to reconsider.  DE 202.

Ultimately, the corporate debtors' appeal was dismissed by the United States District Court for the

Western District of North Carolina, which found that the debtor lacked standing to prosecute the

appeal following the appointment of Mr. Shuford as Chapter 7 Trustee.  *See* Lead Case, DE 263

(docketing District Court order dismissing appeal).  The District Court's order expressly "declined

to adopt Appellant's inflated assessment of its assets", refuting the corporate debtor's argument

that it had standing based upon continued solvency.  *Id.*, p. 2.  The corporate debtors further

appealed the District Court's ruling to the Fourth Circuit Court of Appeals, which also dismissed

the appeal.  *See* Lead Case, DE 297 (docketing Fourth Circuit order dismissing appeal).

### III.     Allegations in the Removed Case

The Removed Case is another attempt by Reid and the Corporate Debtors to advance

various legal claims and theories in state court that have been thoroughly rejected by this Court,

the District Court, and the Fourth Circuit.  In summary, the Removed Case alleges that Johnson

failed to obtain Reid's approval before filing the Individual Case, improperly completed schedules

which included low property values, and inaccurately listed expenses.  *See* Removed Case

Complaint, ¶¶. 1-14.  The crux of Reid's claims against Johnson is that but for Johnson's alleged

acts, the Individual Case would not have been converted to Chapter 7 "because the court would

have seen the true value of Mr. Reid's assets", and that Reid "could easily have paid off his

creditors and would not still be in an unnecessary bankruptcy battle that has cost him in excess of

$1.5 million and continues to cost him unnecessary costs and expenses and pain and suffering."
*Id*., ¶7, 13.

The Removed Case goes on to repeat the same allegations, nearly verbatim, against Woodman with respect to the Corporate Cases.  *See id*., ¶¶15-33.  In addition, the Removed Case alleges that Woodman wrongly stated that the corporate debtors failed to maintain any division of their assets or observe corporate formalities in the context of his motion to consolidate.  *Id*., ¶¶25-26.

Based upon these allegations, the Removed Case asserts the following claims against Johnson and Woodman: Legal Malpractice and Negligence[3], Violation of the N.C. Unlawful and Deceptive Trade Practices Act, Constructive Fraud, Fraud, and Negligent Infliction of Emotional Distress.  All of these alleged claims involve the filing and prosecution of Individual Case and Corporate Cases.

## ENTITLEMENT TO REMOVAL

The Notice of Removal is timely under Rule 9027 of the Federal Rules of Bankruptcy Procedure.  Johnson was served with a copy of the summons and complaint on September 28, 2021, and Woodman was served on September 30, 2021.

This Court has jurisdiction over the Removed Case under both the "arising in" and "related to" prongs of 28 U.S.C. § 1334(b).  Pursuant to 28 U.S.C. § 1452(a), removal of the Removed Case to this Court is proper.

All claims asserted in the Removed Case arise in either the Individual Case or the Corporate Cases, and the Removed Case "would have no practical existence but for" these bankruptcy proceedings.  *See Grausz v. Englander*, 321 F.3d 467, 471–72 (4th Cir. 2003)

---

[3] All claims are described in this Notice of Removal as they appear in the Removed Case.

(holding that the Fourth Circuit's "broad interpretation of 'arising in' jurisdiction surely means that jurisdiction exists over a malpractice claim against a lawyer for providing negligent advice to a debtor in a bankruptcy case").

In addition, the Removed Case is inextricably related to both the Individual Case and the Corporate Cases, as the Plaintiffs are seeking to recover personal damages on claims that are plainly property of the respective bankruptcy estates.  If the litigation were to proceed, it would impose costs upon the Chapter 7 Trustee that would diminish funds available to creditors.  *See Valley Historic Ltd. P'ship v. Bank of New York*, 486 F.3d 831, 836 (4th Cir. 2007) (holding that "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and [it] in any way impacts upon the handling and administration of the bankruptcy estate", internal citations omitted).

## CORE/NON-CORE STATUS OF REMOVED CASE

The claims asserted in the Removed Case are non-core proceedings.[4]  Johnson and Woodman consent to the entry of final orders or judgments by the bankruptcy judge as to all claims asserted in the Removed Case.

## PROCESS AND PLEADINGS

This Notice is accompanied by copies of all process, pleadings and orders filed in the Removed Case prior to removal. Johnson and Woodman will provide the process, pleadings and orders filed in the Removed Case prior to removal to this Court in a form acceptable to the Court contemporaneously with the filing of this Notice of Removal.

---

[4] Movants note that such the claims asserted in the Removed Case would arguably be core claims under 28 U.S.C. § 157(O) if the Chapter 7 Trustee, the only party with proper standing to assert them, had elected to do so on behalf of the respective estates.

**FILING IN SUPERIOR COURT**

Promptly after the filing hereof, the undersigned shall file a copy of this Notice with the

Clerk of the Superior Court for Mecklenburg County.

WHEREFORE, Johnson and Woodman jointly remove the Removed Case to this Court.


Respectfully submitted, this the 20th day of October, 2021.

**POYNER SPRUILL LLP**

By:    /s/ Matthew P. Weiner_____
       Matthew P. Weiner, Esq.
       N.C. Bar No. 37128
       Karen H. Chapman
       N.C. Bar No. 33856
       301 Fayetteville Street, Suite 1900
       Raleigh, NC 27601
       Tel: (919) 783-6400
       Email: mweiner@poynerspruill.com
              kchapman@poynerspruill.com

       *Attorneys for R. Keith Johnson*


**BELL DAVIS PITT**

By:    /s/ Edward B. Davis_____
       Edward B. Davis, Esq.
       N.C. Bar No. 27546
       227 W. Trade Street
       Charlotte, NC 28202
       Tel: (704) 227-0129
       Email: ward.davis@belldavispitt.com

       *Attorneys for John C. Woodman*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day the foregoing document was served upon each of the parties

listed below by United States First-Class Mail addressed as follows:

Alesha S. Brown
Justice in Action Law Center
521 Briar Creek Road
Charlotte, NC 28205

*Attorney for Plaintiffs*

This the 20th day of October, 2021.

**POYNER SPRUILL LLP**

By:      _/s/ Matthew P. Weiner_____
           Matthew P. Weiner, Esq.

| STATE OF NORTH CAROLINA | File No. 21 CVS 15187 |
|---|---|

MECKLENBURG _____ County   **FILED**

In The General Court Of Justice
☐ District   ☒ Superior Court Division

**2021 SEP 20 P 3: 06**

**MECKLENBURG CO. C.S.C**

**BY _____**

| Name And Address Of Plaintiff 1 | |
|---|---|
| Vinroy Reid et al | **GENERAL** |
| 9809 East W.T. Harris Blvd | **CIVIL ACTION COVER SHEET** |
| Charlotte, NC 28227 | ☒ INITIAL FILING   ☐ SUBSEQUENT FILING |

Name And Address Of Plaintiff 2

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

**VERSUS**

Name And Address Of Attorney Or Party, If Not Represented
(complete for initial appearance or change of address)

| Name And Address Of Defendant 1 | Alesha S. Brown |
|---|---|
| R. Keith Johnson | Justice in Action Law Center |
| 1275 S. Highway 16 | 521 Briar Creek Road |
| Stanley, NC 28164 | Charlotte, NC 28205 |

| Telephone No. | Cellular Telephone No. |
|---|---|
| 704-500-0197 | 704-500-0197 |

| Summons Submitted | NC Attorney Bar No. | Attorney Email Address |
|---|---|---|
| ☒ Yes   ☐ No | 53000 | abrown@justiceinactionlaw.com |

| Name And Address Of Defendant 2 | ☒ Initial Appearance in Case   ☐ Change of Address |
|---|---|
| John C. Woodman | |
| 1707 South Blvd | Name Of Firm | Fax No. |
| Charlotte, NC | Justice in Action Law Center | 704-500-0197 |

| Summons Submitted | Counsel For |
|---|---|
| ☒ Yes   ☐ No | ☒ All Plaintiffs   ☐ All Defendants   ☐ Only: (list party(ies) represented) |

☒ Jury Demanded In Pleading   ☐ Complex Litigation   ☐ Stipulate to Arbitration

**TYPE OF PLEADING**

*(check all that apply)*

| | | | |
|---|---|---|---|
| ☐ Amend (AMND) | ☐ Failure To State A Claim (FASC) |
| ☐ Amended Answer/Reply (AMND-Response) | ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR) |
| ☐ Amended Complaint (AMND) | ☐ Improper Venue/Division (IMVN) |
| ☐ Assess Costs (COST) | ☐ Including Attorney's Fees (ATTY) |
| ☐ Answer/Reply (ANSW-Response) *(see Note)* | ☐ Intervene (INTR) |
| ☐ Change Venue (CHVN) | ☐ Interplead (INPL) |
| ☒ Complaint (COMP) | ☐ Lack Of Jurisdiction (Person) (LJPN) |
| ☐ Confession Of Judgment (CNFJ) | ☐ Lack Of Jurisdiction (Subject Matter) (LJSM) |
| ☐ Consent Order (CONS) | ☐ Modification Of Child Support In IV-D Actions (MSUP) |
| ☐ Consolidate (CNSL) | ☐ Notice Of Dismissal With Or Without Prejudice (VOLD) |
| ☐ Contempt (CNTP) | ☐ Petition To Sue As Indigent (OTHR) |
| ☐ Continue (CNTN) | ☐ Rule 12 Motion In Lieu Of Answer (MDLA) |
| ☐ Compel (CMPL) | ☐ Sanctions (SANC) |
| ☐ Counterclaim (CTCL) *Assess Court Costs* | ☐ Set Aside (OTHR) |
| ☐ Crossclaim (list on back) (CRSS) *Assess Court Costs* | ☐ Show Cause (SHOW) |
| ☐ Dismiss (DISM) *Assess Court Costs* | ☐ Transfer (TRFR) |
| ☐ Exempt/Waive Mediation (EXMD) | ☐ Third Party Complaint (list Third Party Defendants on back) (TPCL) |
| ☐ Extend Statute Of Limitations, Rule 9 (ESOL) | ☐ Vacate/Modify Judgment (VCMD) |
| ☐ Extend Time For Complaint (EXCO) | ☐ Withdraw As Counsel (WDCN) |
| ☐ Failure To Join Necessary Party (FJNP) | ☐ Other (specify and list each separately) |

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

*(Over)*

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

| CLAIMS FOR RELIEF | | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) | ☐ Limited Driving Privilege - Out-Of-State | ☐ Product Liability (PROD) |
| ☐ Appointment Of Receiver (APRC) |    Convictions (PLDP) | ☐ Real Property (RLPR) |
| ☐ Attachment/Garnishment (ATTC) | ☐ Medical Malpractice (MDML) | ☐ Specific Performance (SPPR) |
| ☐ Claim And Delivery (CLMD) | ☐ Minor Settlement (MSTL) | ☒ Other *(specify and list each separately)* |
| ☐ Collection On Account (ACCT) | ☐ Money Owed (MNYO) |    Legal Malpractice |
| ☐ Condemnation (CNDM) | ☐ Negligence - Motor Vehicle (MVNG) | |
| ☐ Contract (CNTR) | ☒ Negligence - Other (NEGO) | |
| ☐ Discovery Scheduling Order (DSCH) | ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN) | |
| ☐ Injunction (INJU) | ☐ Possession Of Personal Property (POPP) | |

| Date | Signature Of Attorney/Party |
|---|---|
| 09/20/2021 | *(signature)* |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)          ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 3/19
© 2019 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

_____ MECKLENBURG _____ County

File No.
21 CVS 15187

In The General Court Of Justice
☐ District  ☒ Superior Court Division

*Name Of Plaintiff*
Vinroy Reid et al

*Address*
9809 East W.T. Harris Blvd

*City, State, Zip*
Charlotte, NC 28227

**VERSUS**

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

*Name Of Defendant(s)*
R. Keith Johnson
John C. Woodman

*Date Original Summons Issued*

*Date(s) Subsequent Summons(es) Issued*

## To Each Of The Defendant(s) Named Below:

*Name And Address Of Defendant 1*
John C. Woodman
1701 South Blvd
Charlotte, NC 28203

*Name And Address Of Defendant 2*
R. Keith Johnson
1275 S. Highway 16
Stanley, NC 28164

**IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out!
You have to respond within 30 days. You may talk with a lawyer about your case as soon as
possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales.
¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible
acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos
documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1.  Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been
    served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

*Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*
Alesha S. Brown
Justice in Action Law Center
521 Briar Creek Road
Charlotte, NC 28205

*Date Issued*
9·20·2021

*Time*
3:05   ☐ AM  ☒ PM

*Signature*
Emily B

☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated
above and returned not served. At the request of the plaintiff,
the time within which this Summons must be served is
extended sixty (60) days.

*Date Of Endorsement*

*Time*
☐ AM  ☐ PM

*Signature*

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or
less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if
so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid
$ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA     FILED IN THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

COUNTY OF MECKLENBURG     2021 SEP 20  P 3: 08 2021-CVS- 15187

MECKLENBURG CO., C.S.C

VINROY    REID,    VR    KING
CONSTRUCTION,    LLC,    VR    )
INVESTMENTS    and    BARANKO    )
ENTERPRISE, INC.,                )
                                 )
        Plaintiffs,              )
                                 )        **COMPLAINT**
vs.                              )        **(JURY TRIAL DEMANDED)**
                                 )
JOHN C. WOODMAN and R. KEITH     )
JOHNSON,                         )
                                 )
        Defendants.              )

        NOW COMES PLAINTIFFS Vinroy Reid ("Mr. Reid" or "Plaintiff Reid"), VR King

Construction, LLC, VR Investments and Baranko Enterprise, Inc. (collectively, "Defendants") by

and through undersigned counsel, and complains against Defendants John C. Woodman

("Woodman") and R. Keith Johnson ("Johnson") (collectively referred to as "Defendants") as

follows:

## PARTIES

        1.      Plaintiff Vinroy Reid is a citizen and resident of Mecklenburg County, North

Carolina.

        2.      Plaintiff VR King Construction, LLC is a domestic Limited Liability Company

which, at all times relevant hereto, was authorized to and did conduct business in Mecklenburg

County, North Carolina.

        3.      Plaintiff VR Investments, LLC was a domestic Limited Liability Company which,

at all times relevant hereto, was authorized to and did conduct business in Mecklenburg County,

North Carolina.

1

4.      Defendant Baranko Enterprise, Inc. was a domestic Limited Liability Company which, at all times relevant hereto, was authorized to and did conduct business in Mecklenburg County, North Carolina.

5.      Upon information and belief, Defendant John C. Woodman is a resident of Mecklenburg County, North Carolina and at all times relevant hereto, was authorized to and did conduct business in Mecklenburg County, North Carolina.

6.      Upon information and belief, Defendant R. Keith Johnson is a resident of Cleveland County, North Carolina and at all times relevant hereto, was authorized to and did conduct business in Mecklenburg County, North Carolina.

## JURISDICTION AND VENUE

7.      This Court has personal jurisdiction over Defendants pursuant to N.C. Gen. Stat. § 1-75.4. Defendants at all times relevant hereto, reside and engaged in unlawful conduct in Mecklenburg County, North Carolina, and the acts complained of took place within Mecklenburg County, North Carolina.

8.      This Court has subject matter jurisdiction over Defendants, in that the acts and omissions of Defendants occurred in Mecklenburg County, North Carolina. The amount in controversy is in excess of $25,000.00.

9.      Venue is proper in this Court pursuant to N.C. Gen. Stat. § 1-79 and/or § 1-80. Plaintiff resides in Mecklenburg County, North Carolina. Upon information and belief, Defendants are also residents of Mecklenburg County, North Carolina.

## FACTUAL ALLEGATIONS

Defendant Johnson

2

1.      In or around September 2018, Mr. Reid retained Mr. Johnson's legal services to represent him as he was handling a contract dispute between Plaintiffs and Y2 Yoga Cotswold, LLC, in the lawsuit *Y2 Yoga Cotswold, LLC v. Vinory W. Reid, et al*, 16-CVS- 23179 (Mecklenburg County Superior Court Division), whereby a final judgment was entered against Plaintiffs by Judge Donnie Hoover on February 8, 2019 in the amount of $396,649.57 plus interest at an 8% rate from March 21, 2014.

2.      Despite being aware of the pending state court lawsuit and the value of Mr. Reid's assets, Defendant Johnson filed a Chapter 13 Bankruptcy proceeding based on false and misleading representations to Mr. Reid that Plaintiffs filing for Chapter 13 Bankruptcy would stay the *Y2 Yoga Cotswold, LLC v. Vinory W. Reid, et al* lawsuit.

3.      Not only did Defendant Johnson fail to obtain Mr. Reid's approval prior to filing a full Bankruptcy Petition, but he misrepresented on the Bankruptcy Petition that Mr. Reid's estimated assets were between $100,000.00 and $500,000.00 when Defendant Johnson was aware that Mr. Reid's assets- namely Mr. Reid's real estate properties alone- greatly exceeded $500,000.00 in value.

4.      Even if Defendant Johnson was not aware of the value of Mr. Reid's assets, Mr. Reid gave Mr. Johnson money to hire appraisers to give the true value of the properties (many had been renovated), which Defendant Johnson failed to do.

5.      Defendant Johnson also failed to meet with Mr. Reid to discuss his assets prior to filing the bankruptcy petition.

6.      A meeting with Mr. Reid and/or an appraiser would have revealed that the value of Mr. Reid's assets greatly exceeded $500,000.00.

3

7.      Had Defendant Johnson properly valued Mr. Reid's assets, Mr. Reid's case would not have been converted to a Chapter 7 case because the court would have seen the true value of Mr. Reid's assets and that the debt could have easily been paid without liquidation through a Chapter 7 Bankruptcy proceeding.

8.      Not only did Defendant Johnson not accurately state the values of Mr. Reid's assets, but he and Defendant Woodman both listed the exact same expenses on each bankruptcy petition, which made Mr. Reid's debt appear to be significantly greater than it was, causing it to appear that Mr. Reid and his businesses were insolvent, when they knew business Plaintiffs were not insolvent.

9.      Because Defendant Johnson inaccurately listed Mr. Reid's assets and liabilities, Mr. Reid's Chapter 13 plan was not confirmed and Mr. Reid's Chapter 13 case was converted to a Chapter 7 Bankruptcy.

10.     Not only did Defendant Johnson negligently and fraudulently file the Chapter 13 Bankruptcy without consulting with Mr. Reid or an appraiser, but Defendant Johnson also failed to file signed schedules, statements, and the Chapter 13 plan.

11.     And, despite Defendant Johnson's vast failures in representing Mr. Reid, Defendant Johnson charged Mr. Reid roughly $30,000.00 in attorneys fees knowing of his failures and knowing Mr. Reid never signed an agreement to pay him any amount of attorneys fees.

12.     But for Defendant Johnson's fraudulent, recklessness and grossly negligent acts, Mr. Reid's case would not have been converted to a Chapter 7 Bankruptcy.

13.     But for Defendant Johnson's fraudulent, recklessness and grossly negligent actions, Mr. Reid could have easily paid off creditors and would not be still be in an unnecessary bankruptcy battle that has cost him in excess of $1.5 million and continues to cost him unnecessary costs and expenses and pain and suffering.

4

14.     All of Defendant Johnson's misrepresentations and breaches of his various duties to Mr. Reid has caused Mr. Reid severe past, present an ongoing financial, physical, emotional and mental harm.

Defendant Woodman- corporate

15.     In or around September 2018, Plaintiff retained Defendant Woodman's legal services to represent Plaintiffs regarding a contract dispute between Plaintiffs and Y2 Yoga Cotswold, LLC, in the lawsuit *Y2 Yoga Cotswold, LLC v. Vinory W. Reid, et al*, 16-CVS- 23179 (Mecklenburg County Superior Court Division), whereby a final judgment was entered against Plaintiffs by Judge Donnie Hoover on February 8, 2019 in the amount of $396,649.57 plus interest at an 8% rate from March 21, 2014.

16.     Despite being aware of the pending state court lawsuit and the value of Plaintiffs' assets, Defendant Woodman filed a Chapter 11 Bankruptcy proceeding on October 31, 2018 based on false and misleading representations to Mr. Reid that filing for Chapter 11 Bankruptcy would stay the *Y2 Yoga Cotswold, LLC v. Vinory W. Reid, et al* lawsuit.

17.     Not only did Defendant Woodman fail to obtain Mr. Reid's approval prior to filing a full Bankruptcy Petition, but Defendant Woodman misrepresented that Plaintiffs' estimated assets were between $100,000.00 and $500,000.00 when he was well aware that Plaintiffs' assets-namely real estate properties alone- greatly exceeded $500,000.00 in value.

18.     And, even if Defendant Woodman was not aware of the value of Mr. Reid's assets, Mr. Reid gave Defendant Woodman money to hire appraisers, which he failed to do.

19.     Defendant Woodman also failed to meet with Mr. Reid to discuss Plaintiffs' assets prior to filing the bankruptcy petition.

20.     A meeting with Mr. Reid and/or an appraiser would have revealed that the value of Plaintiffs' assets greatly exceeded $500,000.00.

21.     Had Defendant Woodman properly valued Plaintiffs' assets, the court would have never converted Plaintiffs' case to a Chapter 7 case because the court would have seen the true value of Plaintiffs' assets and that the debt could have easily been paid without liquidation through a Chapter 7 Bankruptcy proceeding.

22.     Not only did Defendant Woodman inaccurately state the values of Plaintiffs' assets, but Defendant Woodman and Attorney Keith Johnson both listed the exact same expenses on each bankruptcy petition, which made Plaintiffs' debt appear to be significantly greater than it was, causing it to appear that Mr. Reid and his businesses were insolvent, when Defendant Woodman knew they were not insolvent.

23.     Because Defendant Woodman inaccurately listed Mr. Reid's assets and liabilities, Plaintiffs' Chapter 11 cases were converted to a Chapter 7 Bankruptcy.

24.     Not only did Defendant Woodman negligently and fraudulently file the Chapter 11 Bankruptcy without consulting with Mr. Reid or an appraiser, but he then subsequently filed a joint motion to consolidate Plaintiffs' three (3) Chapter 11 cases, which was granted due Defendant Woodman's breach of several duties to Plaintiffs, including, but not limited to, his duty of loyalty and confidentiality to Plaintiffs.

25.     Defendant Woodman specifically breached his duties to Plaintiff by stating in the motion "VR, King and Baranko have no clear division between each other, have identical creditors, used one bank account and failed to have corporate meetings."

6

26.     Defendant Woodman further breached his duties to Plaintiffs by stating Plaintiffs lacked "Debtors' books and records pre-petition" and that Plaintiffs failed "to distinguish their assets and otherwise failing to respect corporate formalities in their daily operations."

27.     This was an outrageous breach of Defendant Woodman's responsibilities and duties to Plaintiffs.

28.     Additionally, as noted in the Order Granting Motions to Convert Case to Chapter 7 and Denying Motion for Order Requiring Turnover, Escrow or Prohibiting Use of Insurance Proceeds Coverage, Defendant Woodman failed to file amended schedules or statements of Plaintiffs' financial affairs, a plan, monthly reports and more.

29.     Specifically, Defendant Woodman failed to file required reports from October 2018 through January 2019. This too was grounds to have Plaintiffs' case converted to a Chapter 7 Bankruptcy.

30.     But for Defendant Woodman's fraudulent, recklessness and grossly negligent actions, Plaintiffs' case would not have been converted to a Chapter 7 Bankruptcy.

31.     But for your fraudulent, recklessness and grossly negligent actions, Plaintiffs could have easily paid off creditors and would not be still be in an unnecessary bankruptcy battle that has cost Plaintiffs in excess of $1.5 million and continues to cost him unnecessary costs and expenses and pain and suffering.

32.     Had Defendants not breached various duties to Plaintiffs, including, but not limited to, accurately reporting Plaintiffs' assets and liabilities, Plaintiffs would not still be paying attorneys fees or trustee fees in Chapter 7 bankruptcy.

7

33.    All of Defendant Woodman's misrepresentations and breaches of various duties to Plaintiffs has caused Mr. Reid and the corporate Plaintiffs severe past, present an ongoing financial, physical, emotional and mental harm.

## FIRST CAUSE OF ACTION
### (Legal Malpractice and Negligence)
*Against Defendants*

34.    Plaintiff reiterates and realleges each and every paragraph above as set forth fully herein.

35.    Defendants breached their duties to Plaintiff when they inaccurately listed Mr. Reid's assets and liabilities despite Plaintiffs giving them money to hire an appraiser to obtain the accurate value of Plaintiffs' properties.

36.    Defendants breached their duties to Plaintiff when they made false and misleading representations to Mr. Reid that Plaintiffs filing for Chapter 13 and Chapter 11 Bankruptcy would stay the *Y2 Yoga Cotswold, LLC v. Vinory W. Reid, et al* lawsuit.

37.    Defendants breached their duties to Plaintiff by listing the exact same expenses on each bankruptcy petition, which made Plaintiffs' debt appear to be significantly greater than it was, causing it to appear that Mr. Reid and his businesses were insolvent, when they knew Plaintiffs were not insolvent.

38.    Defendant Johnson beached his duty to Plaintiff when he failed to file signed schedules, statements, and the Chapter 13 plan.

39.    Defendant Johnson breached his duty to Plaintiff when he requested an attorneys fee award of roughly $30,000.00 knowing of his failures and knowing Mr. Reid never signed an agreement to pay him any amount of attorneys fees.

8

40.     Defendant Woodman breached his duty to Plaintiffs when he failed to file amended schedules or statements of Plaintiffs' financial affairs, a plan, monthly reports and more. Specifically, Defendant Woodman failed to file required reports from October 2018 through January 2019, which was grounds to have Plaintiffs' case converted to a Chapter 7 Bankruptcy.

41.     Defendant Woodman specifically breached his duties to Plaintiff by stating in the motion "VR, King and Baranko have no clear division between each other, have identical creditors, used one bank account and failed to have corporate meetings."

42.     Defendant Woodman further breached his duties to Plaintiffs by stating Plaintiffs lacked "Debtors' books and records pre-petition" and that Plaintiffs failed "to distinguish their assets and otherwise failing to respect corporate formalities in their daily operations."

43.     Defendants' breach of their duties to Plaintiffs proximately caused Plaintiff to have both cases converted to Chapter 7 cases, which are ongoing and have cost Plaintiff in excess of $1.5 million in financial loss.

44.     But for Defendants' fraudulent, recklessness and grossly negligent actions, Plaintiffs' cases would not have been converted to Chapter 7 Bankruptcy.

45.     All of Defendants 'misrepresentations and breaches of various duties to Plaintiffs has caused Plaintiff Reid severe past, present an ongoing financial, physical, emotional and mental harm and financial harm to the corporate Plaintiffs.

46.     As such, Defendants are liable for legal malpractice and Plaintiffs are entitled to the full extent of damages allowed under the law, including, but not limited to, compensatory and punitive damages to the maximum extent allowed pursuant to North Carolina General Statute, Chapter 1D.

## SECOND CAUSE OF ACTION
### Pursuant to N.C. Gen. Stat. § 75-1.1 *et seq.*
### (Violation of the N.C. Unlawful and Deceptive Trade Practices Act)
#### *Against Defendants*

47.     Plaintiff reiterates and realleges each and every paragraph above as set forth fully herein.

48.     Defendants engaged in acts that affect commerce in North Carolina when they were engaged by Plaintiffs, causing Plaintiffs to have to pay unreasonable and unwarranted attorneys fees for work that was not performed by Defendants and because Defendants' unlawful actions have caused several of Plaintiffs' properties to be sold unnecessarily and under value .

49.     While engaging in acts of commerce, Defendants' actions and inactions regarding their representation of Plaintiffs constitutes unfair and deceptive trade practices in violation of Chapter 75 of the North Carolina General Statutes because Defendants acted in a manner that was unfair, immoral, unethical, unlawful, oppressive, deceptive and caused injury to Plaintiffs pursuant to well-settled law and the North Carolina Rules of Professional Conduct.

50.     At all times relevant, Defendants' actions and inactions were willful and wanton.

51.     Accordingly, pursuant to N.C. Gen. Stat. § 75-16, Plaintiffs seek and are entitled to recover trebled compensatory damages from Defendants.

52.     Pursuant to N.C. Gen. Stat. § 75-16.1, Plaintiffs seek and are entitled to recover costs and reasonable attorneys' fees from Defendants.

## THIRD CAUSE OF ACTION
### (Constructive Fraud)
#### *Against Defendants*

10

53.    Plaintiff reiterates and realleges each and every paragraph above as set forth fully herein.

54.    Plaintiffs created a relationship of trust and confidence with Defendants when they engaged Defendants to represent them after a final judgment was entered against Plaintiffs by Judge Donnie Hoover on February 8, 2019 in the amount of $396,649.57 plus interest at an 8% rate from March 21, 2014.

55.    Defendants used their positions as Plaintiffs' attorneys to benefit themselves through the charging and collection of unreasonable attorneys fees without performing the work required to prevent Plaintiffs' cases from being unnecessarily converted to Chapter 7 Bankruptcies.

56.    Defendants sought to benefit from their representation of Plaintiffs by overcharging Plaintiffs and requesting the payment of such fees knowing they had breached several duties to Plaintiffs and failed to perform basic tasks required of them as Plaintiffs' attorneys.

57.    Defendants seeking to benefit from their representation of Plaintiff is demonstrated by Defendants requesting an order requiring Plaintiffs to pay excessive attorneys fees for work that had not been performed.

58.    Defendants seeking to benefit from their representation of Plaintiffs without performing work is further demonstrated by Defendants accepting money from Plaintiff Reid to hire an appraiser for his properties, but never actually doing so.

59.    Defendants took advantage of their positions of trust to harm Plaintiff, which is demonstrated by their actions and comments in open court speaking against Plaintiffs' interest (e.g. failing to file required documents and stating Plaintiffs lacked "Debtors' books and records pre-petition" and that Plaintiffs failed "to distinguish their assets and otherwise failing to respect

11

corporate formalities in their daily operations"), but then requiring Plaintiffs to pay excessive attorneys fees.

60.    Upon information and belief, Defendants sought payment of attorneys fees from Plaintiffs knowing they did not intend to act in Plaintiffs' best interest as their counsel.

61.    At all times relevant, Defendants' actions and inactions were willful and intentional.

62.    As such, Defendants are liable for legal malpractice and Plaintiffs are entitled to the full extent of damages allowed under the law, including, but not limited to, compensatory and punitive damages to the maximum extent allowed pursuant to North Carolina General Statute, Chapter 1D.

### FOURTH CAUSE OF ACTION
#### (Fraud)
*Against Defendants*

63.    Plaintiff reiterates and realleges each and every paragraph above as set forth fully herein.

64.    Defendants falsely and fraudulently represented to Plaintiff Reid that filing the bankruptcy actions that are the subject of this lawsuit would stay the *Y2 Yoga Cotswold, LLC v. Vinory W. Reid, et al*, 16-CVS- 23179 (Mecklenburg County Superior Court Division) lawsuit.

65.    Defendants' false and fraudulent representation was reasonably calculated to deceive Plaintiff Reid into believing that filing for bankruptcy to stay the pending lawsuit, when Defendants knew, or should have known based on conversations with Plaintiff Reid, that Plaintiffs had enough assets to pay for any judgment without having to file for bankruptcy.

66.    Defendants made such false and fraudulent representations to Mr. Reid with the intent to deceive Mr. Reid into thinking he needed to file for bankruptcy so they could collect

12

unreasonable attorneys fees and Plaintiffs did in fact deceive Mr. Reid into believing Defendants'

representations.

67.     Defendants' false and fraudulent representations to Plaintiff has caused Plaintiffs

to lose more than $1.5 million and has caused Mr. Reid past, future and present pain and suffering.

68.     At all times relevant, Defendants' actions and inactions were willful and

intentional.

69.     As such, Defendants are liable for legal malpractice and Plaintiffs are entitled to

the full extent of damages allowed under the law, including, but not limited to, compensatory and

punitive damages to the maximum extent allowed pursuant to North Carolina General Statute,

Chapter 1D.

## FIFTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)
*Against Defendants*

70.     Plaintiff reiterates and realleges each and every paragraph above as set forth fully

herein.

71.     As described and fully incorporated herein, Defendants engaged in negligent

conduct.

72.     Defendants' negligent conduct has caused Plaintiff Reid severe emotional distress

including, but not limited to, anxiety, sleepless nights, emotional breakdowns and more.

73.     Because Defendants actions were intentional at all times relevant, such actions

constitute willful and wanton disregard for Plaintiff's rights under North Carolina common law,

and therefore, such actions are contrary to the State's public policy and interest. As such, Plaintiff

seeks and is entitled to punitive damages from Defendants to the maximum extent allowed

pursuant to North Carolina General Statute, Chapter 1D.

## JURY DEMAND

Plaintiff demands that all matters not suitable for determination by this Honorable Court be determined by a jury of her peers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays the Court for the following:

1.    An order entering judgment in favor of Plaintiffs in an amount to be determined at trial for each Cause of Action herein;

2.    An order awarding Plaintiffs actual and compensatory damages against Defendants;

3.    An award of punitive damages against Defendants, as allowed by Chapter 1D of the North Carolina General Statutes;

4.    An award of treble damages pursuant to N.C. Gen. Stat. § 75-16;

5.    All costs and expenses in this action, including reasonable attorney's fees from Defendants; and

6.    Any and all further relief this Court deems necessary and proper.


This the 20th day of September, 2021

JUSTICE IN ACTION LAW CENTER

Alesha S. Brown, NC Bar # 53000
521 Briar Creek Road
Charlotte, NC, 28205
P: (704) 500-0197
F: (704) 500-0197
abrown@justiceinactionlaw.com
*Attorney for Plaintiffs*

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **COMPLAINT** was delivered to each of the below listed person(s) this date via electronic mail and by placing the same in an official depository under the exclusive care and custody of the United States Postal Service addressed as follows:

R. Keith Johnson
1275 S. Highway 16
Stanley, NC 28164

John C. Woodman
1701 South Blvd
Charlotte, NC 28203

This the 20th day of September 2021,

JUSTICE IN ACTION LAW CENTER

Alesha S. Brown, NC Bar # 53000
521 Briar Creek Road
Charlotte, NC, 28205
P: (704) 500-0197
F: (704) 500-0197
abrown@justiceinactionlaw.com
*Attorney for Plaintiffs*