**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

IN THE MATTER OF:

VINROY W. REID

        Debtor                  **CASE NO. 18-31436**
                                          **CHAPTER 7**

VINROY REID, VR KING )
CONSTRUCTION, LLC, VR )
INVESTMENTS and BARANKO )
ENTERPRISE, INC., )
                                              )
    Plaintiffs,                             )          **ADVERSARY PROCEEDING**
                                              )
vs.                                                 )                    **NO. 21-03031**
                                              )
JOHN C. WOODMAN and R. KEITH )
JOHNSON, )
                                              )
    Defendants.                        )

**MOTION TO WITHDRAW PLAINTIFF VINROY REID'S**
**ADVERSARY PROCEEDING**

NOW COMES Plaintiff Vinroy Reid[1], pursuant to 28 U.S.C. § 157(d), and moves for withdrawing this Adversary Proceeding to the Western District of North Carolina District Court based on the following:

**ARGUMENT**

Pursuant to 28 U.S.C. § 157(d) a "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "Cause" is not defined by the statute. *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2nd Cir. 1993) (finding "Section 157(d) does not define the term

---

[1] Debtors VR King Construction, LLC, VR Investments and Baranko Enterprise, Inc. have filed a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

1

'cause'"); *see also In re U.S. Airways Group, Inc.*, 269 B.R. 573, 681 (E.D. Va. 2003) ("Cause is not statutorily defined . . ."). As noted in *In re U.S. Airways Group, Inc*. federal courts have held that a number of factors should be weighed in determining a discretionary withdrawal. *Id*. In *In re U.S. Airways Group, Inc.,* the court held that circuits are "in substantial agreement on the factors that should be weighed in considering a discretionary withdrawal of reference." *Id*. The court listed the following factors to be considered: "(i) whether the proceeding is core or non-core, (ii) the uniform administration of bankruptcy proceedings, (iii) expediting the bankruptcy process and promoting judicial economy; (iv) the efficient use of the debtors' and creditors' resources, (v) the reduction of forum shopping, and (vi) the preservation of the right to a jury trial." *Id*.

First, in *In re Apex Exp. Corp.*, 190 F.3d 624, 632 (4th Cir. 1999), the court held that a contract-based liability between two private parities was a dispute "entirely separate and entirely private" from the bankruptcy proceeding. *Id*. The court explained that the "private right dispute is hardly the core of restructuring debtor-creditor relationships" and "we must treat such private rights dispute as a non-core matter." *Id*. Here, Plaintiffs' claims in the Complaint are: (1) legal malpractice and negligence; (2) violation of the North Carolina Unfair and Deceptive Trade Practices Act; (3) constructive fraud; (4) fraud; and (5) negligent infliction of emotional distress claims. [ECF Doc No. 1]. None of the claims brought by Plaintiffs fall within the list of proceedings identified in 28 U.S.C. § 157(b)(2)[2]. Further, like in *In re Apex Exp. Corp.*, Plaintiffs'

---

[2] Pursuant to 28 U.S.C. §157(b)(2), "core proceedings include, but are not limited to- (A) matters concerning the administration of the state; (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title ii; (C) counterclaims by the estate against persons filing claims against the estate; (D) orders in respect to obtaining credit; (E) orders to turn over property of the estate; (F) proceedings to determine, avoid, or recover preferences; (G) motions to terminate, annul, or modify the automatic stay; (H) proceedings to determine, avoid, or recover fraudulent conveyances; (I) determinations as to the dischargeability of particular debts; (J) objections to discharges; (K) determinations of validity, extent, or priority of liens; (L) confirmations of plans; (M) orders approving the use or lease of property, including the use of cash collateral; (N) orders approving the sale of property other than property resulting from claims brought by the estate against person

2

claims against their former attorneys are entirely private and entirely separate from the bankruptcy proceeding and can hardly be categorized as being at the core of restructuring debtor-creditor relationships. *Id*.

Second, Plaintiffs' claims have absolutely no impact on the administration of the bankruptcy proceedings as all of their claims are against their attorneys for various failures and breaches of their duties to Plaintiffs throughout their representation of Plaintiffs. Third, for the reasons previously stated, Plaintiffs claims in the proceeding have no bearing on the bankruptcy process and to try to conflate the claims and make them a bankruptcy issue would slow down the bankruptcy process. And, because Plaintiffs' claims are non-core state law claims, the fact that a bankruptcy court's determination on non-core matters is subject to *de novo* review by the district court could lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2nd Cir. 1993). Fourth, neither the debtors or creditors resources in the underlying bankruptcy proceeding are being utilized or affected in any way due to Plaintiffs' claims against their former attorneys in this lawsuit. Fifth, there is no evidence of Plaintiffs forum shopping, as Plaintiffs filed their Complaint in Mecklenburg County Superior Court because all of their claims are North Carolina State claims. [ECF Doc No. 1]. Defendants conveniently removed this case to Bankruptcy court knowing it was not a core proceeding and has no bearing on Plaintiffs' bankruptcy estate- a completely separate and irrelevant matter to Plaintiffs' claims in this case. Sixth, when Plaintiffs filed their Complaint a jury trial was demanded. [ECF Doc No. 1]. Plaintiffs maintain their demand for a jury trial pursuant to the Seventh Amendment and are entitled to have

---

who have not filed claims against the estate; (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and (P) recognition of foreign proceedings and other matters under chapter 15 of title 11." 28 U.S.C. §157(b)(2).

3

their state court claims against their former attorneys tried by jury because "the constitution prohibits bankruptcy courts from holding jury trials in non-core matters." *Id*. Further, the Court of Appeals for the Fourth Circuit has opined that because Plaintiffs filed state-law claims in this lawsuit it would be error to force Plaintiffs and their claims into a non-Article III court. *See In re Apex Exp. Corp.*, 190 F.3d 624, 632 (4th Cir. 1999) (holding "Congress may not force non-consenting claimants whose claims are based on state-created private rights into non-Article III courts"). Finally, it is also important to note that Plaintiff Reid has filed a grievance against Bankruptcy Judge Laura Beyer and does not believe he will receive a fair trial regarding the non-core issues in this lawsuit before Judge Beyer. *See* Affidavit of Vinroy Reid attached hereto as Exhibit 1.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests a determination by the Western District of North Carolina District Court GRANTING this instant motion.

Respectfully submitted this is the 9th day of December, 2021,

**JUSTICE IN ACTION LAW CENTER**

*/s/Alesha S. Brown*
Alesha S. Brown, NC Bar # 53000
521 Briar Creek Road
Charlotte, NC, 28205
P: (704) 500-0197
F: (704) 500-0197
abrown@justiceinactionlaw.com

## **CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this day filed the attached **MOTION TO WITHDRAW PLAINTIFF VINROY REID'S ADVERSARY PROCEEDING** with the Clerk of Court via the CM/ECF system, which shall deliver a copy of the same to counsel of record addressed as follows:

**BELL, DAVIS & PITT, P.A.**
Edward B. Davis (NC Bar No. 27546)
Lacey Moore Duskin (NC Bar No. 30652)
E: ward.davis@belldavispitt.com
lduskin@belldavispitt.com

**POYNER SPRUILL**
Matthew P. Weiner (NC Bar No. 37128)
Karen H. Chapman (NC Bar No. 33856)
Joanne Wu (NC Bar No. 55044)
mweiner@poynerspruill.com
kchapman@poynerspruill.com
jwu@poynerspruill.com

Respectfully submitted this is the 9th day of December, 2021,

**JUSTICE IN ACTION LAW CENTER**

*/s/Alesha S. Brown*
Alesha S. Brown, NC Bar # 53000
521 Briar Creek Road
Charlotte, NC, 28205
P: (704) 500-0197
F: (704) 500-0197
abrown@justiceinactionlaw.com

5